FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 11 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01992-BNB

LIONEL KERSH,

    Plaintiff,

v.

ROBERT S. MUELLER,

    Defendant.

## ORDER OF DISMISSAL

Plaintiff, Lionel Kersh, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Bent County Correctional Facility in Las Animas, Colorado. He has filed *pro se* a civil rights complaint for money damages pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Mr. Kersh has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 without payment of an initial partial filing fee.

Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

A factually frivolous claim is one in which the plaintiff asserts facts that are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The Court must construe the complaint liberally because Mr. Kersh is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the complaint and the action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as factually frivolous.

Mr. Kersh's handwriting is difficult to read. However, the Court has done its best to summarize the allegations in his eight-page complaint. Mr. Kersh contends that in 1992, when he was 13 years old, his relatives "participated in transporting [him] on to this outer space earth planet illegaly [sic]." Complaint at 3. He further alleges that he "did not know a second planet earth existed." *Id.* He contends that Defendant, Robert S. Mueller, director of the Federal Bureau of Investigation (FBI), refused to do an "intelligent, professional thorough investigation" of his relatives' act of "transporting a minor into outer space," which he considers to be a "very serious federal offense according to the Colorado law." *Id.* at 4.

A complaint is frivolous under § 1915 if it "lacks an arguable basis either in law or fact." *Neitzke*, 490 U.S. at 325. However, the Court may not dismiss a claim as frivolous just because it would be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, *id.* at 328, or because it finds the plaintiff's factual allegations to be "unlikely." *Denton*, 504 U.S. at 33. Instead, it must be the kind of suit that "paying

2

litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke*, 490 U.S. at 327. A legally frivolous claim rests on "an indisputably meritless legal theory," such as claims against a defendant immune from suit or that a non-existent legal interest has been infringed. *Id.* In addition, a claim is factually frivolous if it depicts "fantastic or delusional scenarios," *id.* at 328, or where "the facts alleged rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.

Mr. Kersh's allegations that the FBI director failed to investigate his transport by family members to a second planet earth are factually frivolous because they are "wholly incredible." *Id.*

Accordingly, it is

ORDERED that the complaint and the action are dismissed as factually frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). It is

FURTHER ORDERED that any pending motions are denied as moot. It is

**FURTHER ORDERED that Plaintiff remains obligated to pay the full amount of the required filing fee assessed and owed in this action, if such fee is not yet paid in full. If Plaintiff fails to stay current with his payment obligations in this action, the Court may apply all or part of the filing fee payments tendered in any action Plaintiff initiates subsequent to initiating this action to satisfy the filing fee debt owed here or in any other action Plaintiff already has initiated.**

DATED at Denver, Colorado, this 11th day of August, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01992-BNB

Lionel Kersh
Prisoner No. 143312
Bent County Correctional Facility
11560 Road FF75
Las Animas, CO 81054

  I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on August 11, 2011.

               GREGORY C. LANGHAM, CLERK

            By: _____
                    Deputy Clerk